Avert, J.
The single question raised in the case is, whether due diligence has been used by the holder of the bill, to make demand of payment upon the acceptors.
None of the acceptors lived in the city of Cincinnati when the bill fell due, except McCandless, andas the bill had been drawn onjthe firm at Cincinnati, and accepted there, the holder had a right to treat that as the place of payment.
The notary testifies that he made diligent search and inquiry for the acceptors, but could find neither of them — that he went with the bill to the City Hotel, the boarding house of Mc-Candless, the only one of the firm residing in the city, and was informed that he had gone down the river and would be absent some days — that the firm had no office or counting house at that time in the city, that he knew of — that he then went to the counting room of McAlister &, Co., and demanded payment of Robert Buchanan, who was represented to him as the agent or trustee of one of the firm of McCandlesss, Semple & Co. As Buchanan is not shown by the evidence to have been an agent of the firm, or either of them, for any purpose connected with the bill of exchange, the demand upon him was not sufficent to charge the [indorser, and can be of no avail in the case, except to show the diligence and good faith of the notary. His inquiries enabled him to ascertain that McCandless had, not long before, been a boarder at a hotel in the city, and accordingly, as it was his duty, he went there to seek for him, taking the bill along. By the information obtained, it appeared that he had gone down the river, and would be absent some days. Was the notary excused after receiving this information, from attempting any further to make demand of payment at that boarding house ? That is the only question; if he was, then this defendant, the indorser, is charged.
*94 If he had exhibited his bill, either to the landlord or bar-keeper, ma(^e known the purpose for which he took it there; no can be found, I think, to deny the sufficiency of such an effort to demand payment. Where a bill or note is payable at a specified place — by this is not meant a town or city at large — a presentment and demand, if practicable, must be made. Where the party is himself met with by the holder, when on the day of payment he is seeking to make a demand, where the party has a known agent transacting business for him, or has a known place of business, or a dwelling house in which his family is residing; there is good reason for requiring the holder to make known his errand. It may fairly be supposed in each one of these instances, that some interest will be felt, to see the demand satisfied, and provision may be found to have been made for the very purpose. It has not, however, been shown, by any of the numerous authorities cited, so far as they have been examined, or the points in them referred to, that the holder has ever been required to exhibit his claim to strangers (that is, strangers in no way connected with the person indicated by the contract,) or to be guilty of any intrusion upon them, in order to fix a liability upon the indorser. If the dwelling house is shut up, or the house of business, no demand is necessary; and in such case, it is not required to present the claim, or address inquiries about it, either to the neighbors or others. The boarder at a public hotel can scarcely be said to stand in any such relation to the keeper or any of the inmates, as that which exists between him and his family, his agent or his partners. It is the judgment of a majority of the Court, upon a view of the authorities, that no further act was required on the part of the notary. The non-suit, therefore, was improperly directed by the Court; the evidence should have been left to the jury. Judgment reversed.